IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | |
|---|---|
| In re MAX R. and GEORGIA WAGERS, | Case No.: 03-24484 |
| Debtors. | Chapter 7 |
| CHRISTOPHER J. REDMOND, TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. No. 05-6190 |
| CHRIS E. WAGERS and KRISTIN H. WAGERS, | |
| Defendants. | |

**DEFENDANT KRISTIN H. WAGER'S ANSWER TO COMPLAINT TO SET ASIDE AND AVOID FRAUDULENT AND PREFERENTIAL TRANSFERS, FOR TURNOVER AND FOR AN ACCOUNTING**

**COMES NOW** Defendant Kristin H. Wagers (hereinafter "Wagers"), by and through counsel, Evans & Mullinix, P.A., and for Answer to Plaintiff's Complaint, states as follows:

1. Wagers admits to the allegations contained in Paragraph 1.

2. Wagers admits to the allegations contained in Paragraph 2.

3. Wagers admits to the allegations contained in Paragraph 3.

4. Wagers denies the allegations contained in Paragraph 4.

5. Wagers admits to the allegations contained in Paragraph 5.

6. Wagers admits to the allegations contained in Paragraph 6.

7. Wagers admits to the allegations contained in Paragraph 7.

## General Allegations

8. Wagers admits that she is the daughter-in-law of the Debtors but denies that Christina E. Wagers is the daughter-in-law of the Debtors.

9. Wagers denies the allegations contained in Paragraph 9.

10. For his Answer to the allegations contained in Paragraph 10, Wagers denies that the Debtors transferred the three trailers to him in the year prior to the Petition Date.

11. Wagers denies the allegations contained in Paragraph 11.

12. For his Answer to the allegations contained in Paragraph 12, Wagers denies that the Debtors transferred the antique plate collection to him in the year prior to the Petition Date.

13. Wagers denies the allegations contained in Paragraph 13.

14. Wagers denies the allegations contained in Paragraph 14.

15. Wagers denies the allegations contained in Paragraph 15.

16. For his Answer to the allegations contained in Paragraph 16, Wagers admits that the Debtors wrote checks to him in the year prior to the Petition Date, but that Wagers paid back the Debtors $2,200.00.

17. For his Answer to the allegations contained in Paragraph 17, Wagers admits that the Debtors wrote checks to him in the two year period prior to the Petition Date, but that these checks were all in the form of gifts or for assistance with education.

18. The allegations contained in Paragraph 18 are a general description of the lawsuit and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 18 require a response, Wagers denies the same.

## Count I – AVOIDANCE OF TRANSFERS

19. For his answer to Paragraph 19, Wagers adopts, realleges and incorporates herein by reference his answers and all other matters constituting an avoidance as set forth in Paragraphs 1 through 18 of this Answer.

20. Wagers denies the allegations contained in Paragraph 20.

21. Wagers denies the allegations contained in Paragraph 21.

22. Wagers denies the allegations contained in Paragraph 22.

23. Wagers denies the allegations contained in Paragraph 23.

24. The allegations contained in Paragraph 24 are a general description of the lawsuit and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 24 require a response, Wagers denies the same.

25. The allegations contained in Paragraph 25 are a general description of the lawsuit and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 25 require a response, Wagers denies the same.

26. Wagers denies the allegations contained in Paragraph 26.

27. Wagers denies the allegations contained in Paragraph 27.

28. Wagers denies the allegations contained in Paragraph 28.

29. The allegations contained in Paragraph 29 are a general description of the law and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 29 require a response, Wagers denies the same.

WHEREFORE, Wagers pray for judgment in his favor and against Trustee on Count I of Trustee's Complaint, for his costs incurred herein, and for such other relief as the Court deems just and proper.

## Count II – FRAUDULENT TRANSFERS

30. For his answer to Paragraph 30, Wagers adopts, realleges and incorporates herein by reference his answers and all other matters constituting an avoidance as set forth in Paragraphs 1 through 29 of this Answer.

31. Wagers is without sufficient information to admit or deny the allegations contained in Paragraph 31, and therefore denies the same.

32. Wagers is without sufficient information to admit or deny the allegations contained in Paragraph 32, and therefore denies the same.

33. The allegations contained in Paragraph 33 are a general description of the law and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 33 require a response, Wagers denies the same.

34. The allegations contained in Paragraph 34 are a general description of the law and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 34 require a response, Wagers denies the same.

35. The allegations contained in Paragraph 35 are a general description of the law and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 35 require a response, Wagers denies the same.

WHEREFORE, Wagers pray for judgment in his favor and against Trustee on Count II of Trustee's Complaint, for his costs incurred herein, and for such other relief as the Court deems just and proper.

## Count III – PREFERENTIAL TRANSFERS

36. For his answer to Paragraph 36, Wagers adopts, realleges and incorporates herein by reference his answers and all other matters constituting an avoidance as set forth in Paragraphs 1 through 35 of this Answer.

37. The allegations contained in Paragraph 37 are a general description of the law and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 37 require a response, Wagers denies the same.

38. The allegations contained in Paragraph 38 are a general description of the law and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 38 require a response, Wagers denies the same.

39. Wagers is without sufficient information to admit or deny the allegations contained in Paragraph 39, and therefore denies the same.

40. Wagers denies the allegations contained in Paragraph 40.

41. Wagers denies the allegations contained in Paragraph 41.

42. Wagers denies the allegations contained in Paragraph 42.

43. Wagers denies the allegations contained in Paragraph 43.

44. Wagers denies the allegations contained in Paragraph 44.

45. The allegations contained in Paragraph 45 are a general description of the law and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 45 require a response, Wagers denies the same.

WHEREFORE, Wagers pray for judgment in his favor and against Trustee on Count III of Trustee's Complaint, for his costs incurred herein, and for such other relief as the Court deems just and proper.

### Count IV – TURNOVER

46. For his answer to Paragraph 46, Wagers adopts, realleges and incorporates herein by reference his answers and all other matters constituting an avoidance as set forth in Paragraphs 1 through 45 of this Answer.

47. Wagers admits to the allegations contained in Paragraph 47.

48. Wagers denies the allegations contained in Paragraph 48.

49. Wagers denies the allegations contained in Paragraph 49.

50. The allegations contained in Paragraph 50 are a general description of the lawsuit and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 50 require a response, Wagers denies the same.

51. The allegations contained in Paragraph 51 are a general description of the lawsuit and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 51 require a response, Wagers denies the same.

52. The allegations contained in Paragraph 52 are a general description of the lawsuit and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 52 require a response, Wagers denies the same.

WHEREFORE, Wagers pray for judgment in his favor and against Trustee on Count IV of Trustee's Complaint, for his costs incurred herein, and for such other relief as the Court deems just and proper.

## Count V – ACCOUNTING

53. For his answer to Paragraph 53, Wagers adopts, realleges and incorporates herein by reference his answers and all other matters constituting an avoidance as set forth in Paragraphs 1 through 52 of this Answer.

54. Wagers denies the allegations contained in Paragraph 54.

55. Wagers denies the allegations contained in Paragraph 55.

56. For his Answer to the allegations contained in Paragraph 56, Wagers admits to prior to the Petition Date, the Debtors transferred some property to him, but he denies the allegations made by the Trustee that such transfers were the "Transfers" and the "Property" as the Trustee characterized them in Paragraph 18 of the Complaint.

57. The allegations contained in Paragraph 57 are a general description of the law and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 57 require a response, Wagers denies the same.

58. The allegations contained in Paragraph 58 are a general description of the law and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 58 require a response, Wagers denies the same.

WHEREFORE, Wagers pray for judgment in his favor and against Trustee on Count V of Trustee's Complaint, for his costs incurred herein, and for such other relief as the Court deems just and proper.

## Count VI – COSTS

59. For his answer to Paragraph 59, Wagers adopts, realleges and incorporates herein by reference his answers and all other matters constituting an avoidance as set forth in Paragraphs 1 through 58 of this Answer.

60. The allegations contained in Paragraph 60 are a general description of the lawsuit and do not require a response by Wagers. To the extent that the allegations contained in Paragraph 60 require a response, Wagers denies the same.

WHEREFORE, Wagers pray for judgment in his favor and against Trustee on Count VI of Trustee's Complaint, for his costs incurred herein, and for such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

In addition to the answers contained above and herein, Wagers asserts the following affirmative defenses.

1. Trustee's Complaint fails to state a claim upon which relief can be granted.

2. Trustee's Complaint is barred by the Statute of Limitations.

3. The Debtors were not insolvent at the time they transferred any property to Wagers.

4. The Trustee sold to Wagers, with approval of the Bankruptcy Court in the Debtors' underlying case, one of the Trailers the Trustee now complains was a fraudulent transfer. (See Docket Entry Nos. 65 and 86.)

WHEREFORE, having fully answered the Trustee's Complaint, Wagers prays for relief as follows:

1. That the Trustee's Complaint be dismissed in its entirety;

2. That a determination be made that the Debtors were not insolvent at the time any of the Transfers were made;

3. That a determination be made that none of the Transfers were fraudulent;

4. That a determination be made that none of the Transfers were preferential;

5. For Wager's costs; and

6. For such other relief as the Court deems just and equitable.

Respectfully Submitted:

EVANS & MULLINIX, P.A.


s/ Richard C. Wallace
Richard C. Wallace, KS #7536; MO #40899
Timothy J. Muir, KS #21793; MO #57259
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (FAX)
ATTORNEYS FOR WAGER

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above and foregoing was presented this 14th day of June, 2006 to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to Jacob W. Stauffer.


s/ Richard C. Wallace